UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Jose David Avila-Gamez
(A-Number: A-205-788-761),

Petitioner,

v.

Warden, California City Correctional
Center; Field Office Director, San Diego
Field Office, United States Immigration and
Customs Enforcement; Todd M. Lyons,
Acting Director, United States Immigration
and Customs Enforcement; Kristi Noem,
Secretary of Homeland Security; Pamela Jo
Bondi, United States Attorney General,

Respondents.

No.  2:26-cv-00956-KES-HBK (HC)

ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION

Doc. 2

Before the Court is petitioner Jose David Avila-Gamez's motion for temporary restraining order.  Doc. 2.  The Court has previously addressed the legal issues raised by the motion for temporary restraining order.  *See e.g.*, *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025).

The Court set a briefing schedule on the motion for temporary restraining order and ordered respondents to show cause as to whether there are any factual or legal issues in this case

1

that distinguish it from the Court's prior orders and that would justify denying the motion. Doc. 5.  The Court also ordered respondents to state their position on whether the motion should be converted to a motion for preliminary injunction and whether they request a hearing.  *Id.* Respondents "submit[] that there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  *See* Doc. 8 at 1.  While respondents oppose the motion, they do not raise any new arguments.  *See id.* at 1–2.[1]  They also do not object to converting the motion and waive oral argument.  *See id.*

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that distinguish it from the Court's prior decisions in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328 (E.D. Cal. Oct. 27, 2025), and *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025), the motion for temporary restraining order is converted to a motion for preliminary injunction and GRANTED, for the reasons stated in those prior orders.

Respondents are ORDERED to provide petitioner Jose David Avila-Gamez (A-Number: A-205-788-761) with a bond hearing pursuant to section 1226(a) and its implementing regulations within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall also provide petitioner with 48 hours' written notice before said bond hearing.  If respondents do not provide petitioner with a bond hearing within that time period, then respondents are enjoined and restrained from continuing to detain petitioner beyond that fourteen (14) day time period.

The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  Courts

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which concerns the issue of whether § 1226(a) or § 1225(b)(2) applies to individuals who entered the country without inspection, were not apprehended by immigration authorities upon arrival, and are not subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  *See* Doc. 8 at 2.  Given the nature of the relief sought by petitioner, the Court declines to defer a ruling on petitioner's motion for preliminary relief.  The magistrate judge may consider whether to hold further proceedings on the petition in abeyance

2

regularly waive security in cases like this, and the government has not established a need to impose a security bond.

This matter is referred to the assigned magistrate judge for further proceedings, including the preparation of findings and recommendations on the petition for writ of habeas corpus or other appropriate action.

IT IS SO ORDERED.

Dated:   March 31, 2026   

_____
UNITED STATES DISTRICT JUDGE