UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE DAVID AVILA-GAMEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTION CENTER, et al.,<br>Respondents. | Case No. 2:26-cv-00956-KES-HBK (HC)<br>FINDINGS AND RECOMMENDATIONS TO FIND PRELIMINARY INJUNCTION REQURING BOND HEARING SATISFIED AND PETITION MOOT[1]<br>(Doc. 1)<br>FOURTEEN (14) DAY OBJECTION PERIOD |

On March 18, 2026, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner challenges his detention by U.S. Immigration Customs and Enforcement (ICE) without a bond hearing as violating his Fifth Amendment due process rights and the Immigration and Nationality Act ("INA"). (Doc. 1 at 7-9). He seeks release, or, alternatively, a bond hearing. (*Id*. at 9).

That same day, Petitioner moved for temporary restraining order ("TRO"). (Doc. 2). On March 31, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted it. (Doc. 9). The Court concluded that Respondents had identified no factual or legal basis to distinguish this matter form prior decisions holding that a noncitizen who entered without

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

inspection or admission and has resided in the United States for many years is likely to succeed on the claim that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9 (*citing, e.g. Crispin M.C. v. Noem*, 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), *Lepe v. Andrews*, 801 F. Supp. 3d 1104 (E.D. Cal. 2025)).

The Court ordered Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) and its implementing regulations within 14 days and give Petitioner 48 hours' written notice before the hearing. (Doc. 9 at 2). The Court further ordered that, if Respondents failed to provide a timely hearing, they would be enjoined from continuing to detain Petitioner beyond that period. (*Id*. at 2-3). The matter was referred to undersigned for further proceedings, including preparation of findings and recommendations on the Petition. (*Id*. at 3).

On August 4, 2026, the Court directed the parties to state within five days whether they wished to rely on the existing submission or submit supplemental merits briefing. (Doc. 11). On August 10, 2026, Respondents stated they wished to rely on their existing submissions. (Doc. 12). Petitioner did not respond.

Consistent with the reasoning in the March 31, 2026 order, the undersigned concludes that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and that his detention is governed by the discretionary framework of 8 U.S.C. § 1226(a). *See Rodriguez Vasquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *Crispin M.C.*, 2026 WL 70553; *Lepe*, 801 F. Supp. 3d 1104.

Petitioner sought habeas relief because he had not received an individualized bond hearing. The preliminary injunction required Respondents to provide that hearing. Petitioner acknowledges in his later-filed, counseled habeas action that Respondents timely provided a bond hearing and that the Immigration Judge ("IJ") denied bond after finding that Petitioner posed a danger to the community. *See Avila Gamez*, No. 1:26-cv-04218-KES-HBK, Doc. 9 at 35.

Thus, the relief ordered in this action has been provided, and Petitioner's claim for a bond hearing is satisfied and moot. Petitioner's later-filed habeas action appears to raise overlapping claims concerning his continued detention and the IJ's bond decision. The Court will resolve that action separately. This order does not adjudicate the merits of the claims asserted in the later-filed

case.

Accordingly, IT IS RECOMMENDED that:

1. The preliminary injunction order requiring Respondents to provide Petitioner a bond hearing be TERMINATED as satisfied.
2. The petition be DISMISSED AS MOOT.
3. The Clerk be directed to enter judgment and close this case.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. 28 U.S.C. § 636(b)(1); Local Rule 304(b). The objections must be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: September 4, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE